## 16401.   JENNINGS v. THE STATE.

The alleged forgery was sufficiently charged, and the indictment was
not subject to the demurrer. BLOODWORTH, J., dissents.

DECIDED OCTOBER 7, 1925.

Forgery; from Walker superior court—Judge Wright.   March
7, 1925.

The material parts of the indictment are set out in the follow-
ing opinion.  The demurrer was on the grounds: (1) The indict-
ment is insufficient because it is not alleged that there was an
intent to defraud.  It charges no crime.  (2) It is not alleged that
the check was genuine.  (3) The alleged copy of the check does
not show that the check was indorsed; and it is not alleged that
any person was defrauded thereby.  (4) It is not alleged that the
check was offered to any bank or person with intent to defraud;
it is not alleged to whom the check was offered.  (5) The indict-
ment contains three separate counts, and there is no attempt to
comply with section 954 of the Code in regard to separate counts.

*Norman Shattuck,* for plaintiff in error, cited, as to the de-
murrer:  Penal Code (1910), §§ 239-41, 231; 11 *Ga. App.*
239 (2); 79 *Ga.* 344 (2); 33 *Ga.* 225.

*J. F. Kelly, solicitor-general, M. Neil Andrews, Rosser & Shaw,*
contra.

LUKE, J.  W. J. Jennings was indicted for forgery.  The indict-
ment charged him with "the offense of felony, for that the said
W. J. Jennings on the 24th day of August, in the year of our
Lord 1923, in the county [named]   .   .   , unlawfully, feloniously,
and with force and arms, did falsely and fraudulently make, sign,
and print, and was then and there concerned in the false and
fraudulent making, signing, and printing, and did then and there
procure the false and fraudulent making, signing, and printing,
of a certain check and draft upon a certain bank of this State,
which said check is in words and figures as follows: LaFayette,
Ga., Dec. 18th, 1920.  Walker County Bank.  Pay to the order
of Mrs. A. M. Street two hundred dollars  .  .  $200.00.  One
[on?] note due Oct. 1, 1920, and did falsely and fraudulently
make and sign, and was then and there concerned in the false
and fraudulent making and signing, and did then and there pro-
cure the false and fraudulent making and signing of the name of

Mrs. A. M. Street on the back of said check and draft as indorser thereof, and the said W. J. Jennings did then and there falsely and fraudulently utter and publish as true the aforesaid false, forged, counterfeited, and altered check and draft, knowing the same to have been falsely and fraudulently forged, counterfeited and altered as aforesaid, contrary to the laws of said State, the good order, peace and dignity thereof."

1. The indictment was not subject to the demurrer urged against it.

2. The rulings of the court complained of upon the admissibility of evidence were not erroneous; the charge of the court was full and fair, and the evidence was amply sufficient to authorize the defendant's conviction. For no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., dissents.*

BLOODWORTH, J., dissenting. I think the court erred in overruling the demurrer to the indictment, and that this error rendered the further proceedings nugatory.